# United States District Court, Northern District of Illinois

MHK

| Name of Assigned Judge or Magistrate Judge | JOHN W. DARRAH | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2222 | **DATE** | 9-2-10 |
| **CASE TITLE** | Willie L. Roberson Motley (N-34031) v. Director State Dept. Corrections, et al. | | |

**DOCKET ENTRY TEXT:**

The Court denies Plaintiff's motion for leave to file *in forma pauperis* [5] pursuant to 28 U.S.C. § 1915(g). If Plaintiff wants the Court to reconsider this case, then he must pay the $350 filing fee within 30 days. Plaintiff's motion for reconsideration [6] is denied as premature.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

On July 20, 2010, the Court dismissed this action because Plaintiff Willie L. Roberson Motley did not submit an amended complaint as directed in the Court's order of June 3, 2010. Plaintiff has now filed a motion for leave to proceed *in forma pauperis*, a motion for reconsideration, and submitted an amended complaint. He alleges that he never received any of the Court's orders until he received the order of dismissal because he had been transferred first to Stateville Correctional Center and now to Dixon Correctional Center.

In reviewing its records, the Court discovered that Plaintiff has filed a number of previous cases under the name of "Buster Johnson." At least three of these previous actions have been dismissed in this district on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Roberson v. Drape*, No. 96 C 633 (N.D. Ill.) (motion to dismiss granted on Jan. 14, 1997, Andersen, J); *Johnson v. Pearson*, No. 92 C 7277 (N.D. Ill.) (dismissed pursuant to 28 U.S.C. §1915 (d) on Nov. 17, 1992, Plunkett, J.); *Johnson v. Cook County Board of Correction and Staff*, No. 92 C 2680 (N.D. Ill.) (dismissed pursuant to 28 U.S.C. §1915 (d) on May 7, 1992, Plunkett, J.).

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

| STATEMENT |
|---|

Plaintiff lodged his complaint on April 12, 2010, after the enactment of the PLRA; § 1915(g) therefore applies to this complaint. *See Lucien v. Jockisch*, 133 F.3d 464, 468 (7th Cir. 1998). Numerous courts have considered the retroactive application of § 1915(g) on civil actions filed by prisoners which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted and have uniformly held that dismissals preceding the effective date of the PLRA should be counted. *See Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 811 (7th Cir. 1998); *Lucien*, 133 F.3d at 469; *Tierney v. Kupers*, 128 F.3d 1310 (9th Cir. 1997); *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996); *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996); *Green v. Nottingham*, 90 F.3d 415 (10th Cir. 1996).

Plaintiff's current complaint alleges that Defendant Daniel Kasper conducted an illegal search and seizure. Plaintiff therefore does not allege that he is in imminent danger of serious physical injury. Accordingly, 28 U.S.C. §1915(g) prevents him from proceeding without the full prepayment of the $350 filing fee.

The Court therefore denies Plaintiff's motion for leave to file *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). If Plaintiff wants the Court to reconsider this case, then he must pay the $350 filing fee within 30 days. Plaintiff's motion for reconsideration [6] is denied as premature.